ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **JOSÉ D. SANTIAGO TORRES** <br> DEMANDANTE(S)-APELANTE(S) <br><br><br> V. <br><br><br> **MARÍA C. LOZA DE CORO; ESTADO LIBRE ASOCIADO DE PUERTO RICO** <br> DEMANDADA(S)-APELADA(S) | **KLAN202300845** | *Apelación* <br> procedente del Tribunal de Primera Instancia, Sala Superior de **PONCE** <br><br> Caso Núm. <br> **PO2023CV01786 (604)** <br><br><br> Sobre: <br> Violación de Derechos Civiles |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Barresi Ramos*, juez ponente

### S E N T E N C I A

En San Juan, Puerto Rico, hoy día 15 de noviembre de 2023.

Comparece ante nos, el señor **JOSÉ D. SANTIAGO TORRES** (señor **SANTIAGO TORRES**) mediante *Apelación* incoada el 21 de septiembre de 2023. En su escrito, nos solicita que revisemos la *Sentencia* emitida el 29 de agosto de 2023 por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce.[1] Mediante el antedicho dictamen, el foro *a quo* decretó la desestimación de la causa de acción "por no haber presentado una reclamación que permita concluir que tiene derecho a un remedio".

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

- I -

El 15 de junio de 2023, el señor **SANTIAGO TORRES** entabló una *Demanda* sobre acción civil de daños y perjuicios. En dicha *Demanda,* entre otras cosas, alegó que la señora **MARÍA C. LOZA DE CORO** (señora **LOZA DE CORO**) le ha causado daños.[2] La señora **LOZA DE CORO** es la

---

[1] Esta determinación judicial fue notificada y archivada en autos el 29 de agosto de 2023. Véase Apéndice de la *Apelación*, págs. 1– 7.
[2] Véase Apéndice de la *Apelación*, págs. 17- 19.

esposa del señor José Dioscoride Santiago Rivera (señor Santiago Rivera), quien es el hijo biológico del señor **SANTIAGO TORRES**.

En sus propias palabras, expone que la señora **LOZA DE CORO** elaboró un plan para ingresar involuntariamente al señor Santiago Rivera en un asilo. Arguyó que la Policía acudió a su residencia; la hija del señor Santiago Rivera le mostró unos documentos sobre la Ley 408; y se llevaron al señor Santiago Rivera. Esta situación, le ha causado daños y solicitó indemnización.

El 5 de julio de 2023, la señora **LOZA DE CORO** presentó una *Moción de Desestimación* aduciendo, entre otras cosas, que ante la situación de salud mental del señor Santiago Rivera, se obtuvo una determinación bajo la Ley 408 para su ingreso a una institución para una evaluación médica.

Después, el 13 de julio de 2023, se dictaminó *Orden* en la cual se concedió un plazo de veinte (20) días para reaccionar y exponer los fundamentos por los cuales no se debía conceder la desestimación. El 10 de agosto de 2023, el señor **SANTIAGO TORRES** presentó su *Moción Contestación Moción de Desestimación.*

Así las cosas, el 29 de agosto de 2023, se pronunció la *Sentencia* apelada. Acto seguido, el 5 de septiembre de 2023, el señor **SANTIAGO TORRES** presentó una *Moción Solicitando Reconsideración Sentencia.*[3] El tribunal primario, el 7 de septiembre de 2023, dictó *Orden* declarando "no ha lugar" la solicitud de reconsideración.[4]

Inconforme con la determinación del foro apelado, el 21 de septiembre de 2023, el señor **SANTIAGO TORRES** acudió ante este foro revisor mediante *Apelación* señalando los siguientes errores:

> El aplicar la Demanda a los sufrimientos del hijo y no al Demandante.

> Faltar al Debido proceso de ley, que lo obligaba determinar lo que se le planteo.

El pasado 25 de septiembre, intimamos *Resolución* concediendo término de treinta (30) días a la señora **LOZADA DE CORO** para presentar su

---

[3] *Íd.*, págs. 9-11.
[4] Dicho dictamen fue notificado y archivado en autos el 7 de septiembre de 2023. *Íd.*, págs. 8.

alegato en oposición. Consecuentemente, el 16 de octubre de 2023, la señora **LOZA DE CORO** presentó su *Solicitud de Desestimación de Apelación* expresando que el escrito no le fue notificado. Ante ello, el 19 de octubre de 2023, prescribimos *Resolución* concediendo un plazo de diez (10) días para exponer posición sobre la solicitud de desestimación del recurso por alegada falta de notificación. El 26 de octubre de 2023, el señor **SANTIAGO TORRES** presentó su *Moción Contestación a Solicitud de Desestimación de Apelación y Notificación Apelada No Recibe Correspondencia Nunca y Toda Devuelta*.

Evaluado concienzudamente el expediente del caso y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

**- II -**

**- A-**

La *jurisdicción* se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que, su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia.[5] Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción*. Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Las cuestiones de *jurisdicción* por ser privilegiadas deben ser resueltas con preferencia.

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: priva a un foro judicial del poder necesario para adjudicar una controversia; los tribunales no poseen discreción para asumirla cuando no la tienen; no es susceptible de ser subsanada; las partes no pueden conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; se impone a los tribunales el ineludible deber de auscultar su propia *jurisdicción* —y a los tribunales apelativos la

---

[5] *Metro Senior v. AFV*, 209 DPR 203, 208 (2022); *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385-386 (2020).

obligación de examinar la *jurisdicción* del foro de donde procede el recurso—; las cuestiones jurisdiccionales deben ser resueltas con preferencia sobre otros asuntos, y su alegación puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.*[6]

Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[7]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), "*sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre*".[8] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[9]

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones faculta a este Tribunal para que, a iniciativa propia, desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B).[10] Una vez un tribunal determina que no tiene *jurisdicción*, "*procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos*".[11] Ello sin entrar en los méritos de la controversia ante sí.

**- B -**

Los requisitos aplicables sobre el perfeccionamiento de un recurso de apelación o discrecionales están contenidos en el Reglamento del Tribunal de Apelaciones de 2004; la Ley de la Judicatura del Estado Libre

---

[6] *Íd.,* pág. 386; *González v. Mayagüez Resort Casino,* 176 DPR 849, 856 (2009).
[7] *Íd.,* págs. 386-387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 501 (2019).
[8] *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).
[9] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra.*
[10] Dicho inciso lee: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico*".
[11] *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra*, pág. 883.

Asociado de Puerto Rico de 2003, según enmendada; y en las Reglas de Procedimiento Civil de 2009, según enmendadas. Nuestro Tribunal Supremo ha establecido que los litigantes deben observar rigurosamente las disposiciones reglamentarias sobre el perfeccionamiento de sus recursos.[12] No puede quedar al arbitrio de los abogados o las partes decidir qué disposiciones reglamentarias deben acatarse y cuándo lo van a hacer.[13] Ello a los fines de que los tribunales revisores estén en posición de ejercer adecuadamente su función, toda vez que el incumplimiento de dichos mandatos impide tener de un expediente completo y claro para delimitar la controversia ante su consideración.[14]

En consecuencia, la Regla 13, inciso (B), del Reglamento del Tribunal de Apelaciones, expresa:

(B) Notificación a las partes

(1) Cuando se hará
**La parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento**. La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos […] (Énfasis nuestro).

Más aún, la Regla 14 de nuestro Reglamento dispone:

(A) La apelación se formalizará presentando el original del escrito de apelación y tres copias en la Secretaría del Tribunal de Apelaciones o en la Secretaría del Tribunal de Primera Instancia que dictó la sentencia apelada.
(B) De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y dos horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto. […] .

En ese mismo sentido, cabe destacar que los requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley.[15] Jurisprudencialmente se ha resaltado la importancia de una notificación adecuada, pues se persigue

---

[12] *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).
[13] *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197 (2017).
[14] *Íd.*
[15] *Rivera Marcucci, et al. v. Suiza Dairy*, 196 DPR 157 (2016).

salvaguardar los derechos de las partes en procedimientos judiciales posteriores.[16]

Ahora bien, el término de notificación es un término de cumplimiento estricto y no jurisdiccional, su incumplimiento no supone automáticamente la desestimación del recurso.[17] No obstante, el foro apelativo intermedio no posee discreción para prorrogar un plazo de forma automática.[18] Para ello, es necesario que la parte haya demostrado y acreditado justa causa. Lo anterior implica que, en cuanto al requisito de notificación lo importante es que el escrito sea notificado con copia a la otra parte, dentro del plazo dispuesto por ley, independientemente el método que se utilice para ello.[19] De tal manera que, para el perfeccionamiento adecuado de un recurso presentado ante el tribunal apelativo intermedio es necesario la presentación oportuna y la notificación del escrito a las partes apeladas.[20] La inobservancia de una notificación oportuna a todas las partes, tiene como consecuencia la desestimación del recurso de apelación.[21]

**- III -**

En el caso de autos, el señor **SANTIAGO TORRES** planteó que el foro de instancia incidió al aplicar los sufrimientos reclamados a José Dioscoride Santiago Rivera, su hijo, y no a él; así como, faltar al debido proceso de ley que le obligaba a determinar lo planteado. Cimentó su posición en que él sufrió daños al ver lo acontecido con José Dioscoride, quien fue intervenido al amparo de una determinación bajo la Ley 408.

De otro lado, la señora **LOZA DE CORO** replicó que procede la desestimación del recurso por no habérsele notificado dentro del plazo y el mismo no se ha perfeccionado; por lo que, aduce que este foro carece de jurisdicción para atender la *Apelación*.

Lo cierto es que, al justipreciar la totalidad del expediente, así como al examinar varias entradas del Sistema Unificado de Manejo y

---

[16] *Vélez v. AAA*, 164 DPR 772 (2005).
[17] *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 550 (2017).
[18] *Soto Pino v. Uno Radio Group*, *supra*.
[19] *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98 (2013).
[20] *González Pagán et al. v. SLG Moret – Brunet*, 202 DPR 1062, 1063 (2019); *Montañez Leduc v. Robinson Santana*, *supra*.
[21] *Montañez Leduc v. Robinson Santana*, *supra*, págs. 549 – 553.

Administración de Casos (SUMAC), ciertamente, se desprende que, desde julio de 2023, el señor **SANTIAGO TORRES** tiene conocimiento de la dirección postal de la representación legal de la señora **LOZA DE CORO.** Pese a ello, el señor **SANTIAGO TORRES** ha notificado todos sus escritos a la siguiente dirección: 1577 Ave, Muñoz Rivera Ponce, PR 00717 -0211 que alegadamente surge de una página web. Empero, esta dirección **no** coincide con la incluida en todos los escritos suscritos por la licenciada Ana C. López Bonaparte, representación legal de la señora **LOZA DE CORO:** PO Box 1427 Ponce, PR 00733-1427.[22]

El señor **SANTIAGO TORRES** recurrió ante este foro revisor de la *Sentencia* dictaminada el 29 de agosto de 2023, la cual fue debidamente notificada a la señora **LOZA DE CORO**. Como cuestión de hecho, resulta forzoso colegir que la señora **LOZA DE CORO** debió ser notificada oportunamente del recurso de *Apelación* que nos ocupa a la dirección postal correcta. Por tanto, la falta de notificación *a todas las partes* tiene como consecuencia la desestimación del recurso de *Apelación.*[23]

-IV-

Por los fundamentos antes expuestos, y en conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *desestimamos* por falta de *jurisdicción* la *Apelación* instada el 21 de septiembre de 2023 por el señor **SANTIAGO TORRES**; y ordenamos el cierre y archivo del presente caso.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[22] Véase la entrada número 4 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en el caso: PO2023CV01786. Inclusive, se constató las direcciones de la licenciada López Bonaparte en el Directorio de Abogados y Abogadas en la página web del Poder Judicial.
[23] *VS PR v. Drift – Wind, Inc.*, 207 DPR 253 (2021); *Isleta LLC., v. Inversiones Isleta Marina, Inc.*, 203 DPR 585 (2019).